[No. 20355.   Department One.   February 23, 1927.]

JOHN VALSUANO et al., Respondents, v. PONZIO MOZZONE et al., Appellants.[1]

Appeal from a judgment of the superior court for King county, Gilliam, J., entered May 22, 1926, upon the verdict of a jury in favor of the plaintiffs, in an action for money loaned. Affirmed.

Fred C. Brown, for appellants.

H. A. Martin, for respondents.

MAIN, J.—In the complaint in this case there are eight causes of action separately stated, each for money loaned. The trial was to the court and a jury and resulted in a verdict in favor of the plaintiffs upon the fourth, fifth, sixth and seventh causes of action. The defendants moved for a judgment notwithstanding the verdict and

[1]Reported in 253 Pac. 636.

in the alternative for a new trial, both of which were overruled. Judgment was entered in favor of the plaintiffs for the sum of $11,095, together with interest, from which the defendants appeal.

The appellants make two general contentions. First, that the money advanced to them by the respondents was for the use of the Flora Company, a corporation, of which the appellants owned three-fourths of the stock and the respondents one-fourth. From time to time as the money was advanced the appellants gave to the respondents writings acknowledging the receipt of the same, which made no mention of the Flora Company and were signed individually by the appellants. The respondent John Valsuano testified unequivocally that the money was loaned to the appellants and not to the Flora Company. The evidence of the appellants was to the contrary effect. This presented a question of fact and the jury's verdict is conclusive.

The other contention is that of the statute of limitations, and applies more particularly to the fifth and sixth causes of action. The writings which are the basis of those causes of action do not recite that the money was received as a loan, but merely acknowledged receipt of the amount stated therein. For this reason the appellant claims that the three year statute of limitation applies. One of the receipts is dated February 3, 1922, and the other February 17, 1922. The action was begun on April 28, 1925. It would thus appear that if the three year statute of limitation applies and no payments were made upon these obligations within that time, then no recovery could be had upon them. Here, again, the question is one of fact and the evidence is in dispute. Valsuano testified that during the year 1923 the appellants paid one thousand dollars without directions as to how it should be applied and that he applied a part of it on each of the obligations. There is an argument based upon the verdict of the jury as to other causes of action by which it is sought to establish that no part of the one thousand dollars could have been applied upon the fifth or sixth causes of action. Without following this argument in detail it appears to us that the controlling questions were purely ones of fact and that, since the jury found in favor of the respondents upon what must be held to be substantial evidence, this court cannot set aside the verdict.

The view that we take of the case renders it unnecessary to discuss the law questions presented in the briefs and upon the oral argument.

The judgment will be affirmed.

FULLERTON, MITCHELL, ASKREN, and FRENCH, JJ., concur.